(20 Misc. Rep. 434.)

### MULLANE v. HOUSTON, W. S. & P. F. R. CO.

(City Court of New York, General Term.   May 29, 1897.)

PREPONDERANCE OF EVIDENCE—NUMBER OF WITNESSES.
   The preponderance of evidence is not necessarily in favor of the party who produces the greater number of witnesses.

Appeal from trial term.

Action by Patrick Mullane against the Houston, West Street & Pavonia Ferry Railroad Company.   There was a judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Henry A. Robinson, for appellant.
M. P. O'Connor, for respondent.

CONLAN, J.   This action is brought by the plaintiff, a former employé of the defendant company, to recover for personal injuries alleged to have been sustained by him in consequence of the defendant's negligence.   The plaintiff was sent down into a hole underneath the surface, on the morning of November 25, 1893, by the defendant's superintendent, at a time when the operation of the machinery ceased, to do certain work in and about a grease box on a sheath wheel, in which ran the cable used to move the defendant's cars; and, while occupying a position under this sheath wheel, the machinery was started, and, as a result, the plaintiff received the injuries for which the recovery is sought.   It was the custom of the defendant to stop this machinery every day from about half past 2 o'clock in the morning, for a period of about two or three hours; and it was while the operation of this machinery was suspended that the plaintiff was ordered into the hole in question, at about the hour of 3 in the morning.   Plaintiff testified that he made objections to going below when ordered to do so by his superior, on the ground of impending danger, but that the superior informed him that he would notify the engineer not to start the machinery while he was in the hole, and on this the plaintiff seems to have relied. A co-workman of the plaintiff, called as a witness for the defendant, testified in his direct as follows: "I took my instructions from Mr. Greenwald.   He employed me there.   He gave instructions to me and Mr. Mullane, the plaintiff.   He told us, after the cable stopped, to go down and examine the bar."   The proceedings upon the trial of this action, as presented by the case on appeal, are so free from objections and exceptions by the defendant that we are in a measure left to conjecture as to the defendant's reasons for a reversal of the judgment.   Indeed, the only exceptions are at the close of the entire case,—the one to a refusal to dismiss the complaint at the close of all the testimony, and the other to a refusal to set aside the verdict.

Much is said in the appellant's brief concerning the preponderance of evidence in favor of a party whose only evidence is his own sworn statement, when such statement is contradicted by more than one or two witnesses who testify in favor of his opponent.   The rule was

never carried to that extent, and, if it were, it would frequently result in defeating the ends of justice. We think the trial justice correctly stated the rule when he said: "Preponderance of evidence refers rather to the quality than to the quantity of evidence." The jury may have the right, and it is their special province, to inquire into and say by their verdict what weight shall be given to the evidence before them. The fact that one party produces but one witness to his opponent's array is wholly immaterial, and we are not here to inquire by what methods juries reach a conclusion upon a conflict of evidence. That there is a conflict makes it proper that the case be allowed to go to the jury.

The defendant conceded that the plaintiff made out his case by failing to move for a dismissal at the close of the plaintiff's case. He did not even ask to reserve the right to make this motion until the close of all the testimony, and then appears to have relied for a decision in his favor upon the assumed fact that he offered perhaps more evidence, or had arrayed a greater number of witnesses, than his opponent.

It is argued that the trial justice erred in allowing the jury to disbelieve Mr. Greenwald. Why were they not to be permitted to believe the plaintiff's story as well as, it is urged, to accept that of Greenwald? The court had charged the jury in an eminently fair and impartial manner, and the defendant appears to have been satisfied with the charge, for there was a total absence of exceptions thereto. We think this case is within the control of the principle laid down in Floettl v. Railroad Co., 10 App. Div. 309, 41 N. Y. Supp. 792. The facts in that case appear to fit so well to those in the case at bar that we do not think a citation of any other authority necessary to sustain the judgment appealed from, and, without discussing any of the other matters referred to in the argument for the appellant, we are of the opinion that the judgment, with recent statement, should be affirmed, with costs.

Judgment affirmed, with costs.

SCHUCHMAN, J., concurs.